IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DUSTYN A. HUGHES     .                                                              PLAINTIFF


V.                          Civil No. 3:14-cv-03121-MEF


CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Dustyn A. Hughes, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his application for DIB on December 5, 2011, alleging an onset date of August 1, 2006, due to a back injury, chronic pain, depression, and heartburn. (Tr. 326-332, 397, 417-420) The Commissioner denied his application initially and on reconsideration. (Tr. 193-196) The Administrative Law Judge ("ALJ") held an administrative hearing on August 17, 2010, and entered an unfavorable decision on October 13, 2010. (Tr. 100-139, 200-208) At the Plaintiff's request, the Appeal Council reviewed the ALJ's decision and remanded the matter for further development of the record concerning the Plaintiff's mental impairments, an evaluation of the examining and non-examining source opinions, a function-by-function assessment of the

Plaintiff's ability to do work-related physical and mental activities, consideration of third party statements contained in the record, and consideration of the Plaintiff's obesity. (Tr. 214-21). On September 26, 2012, the ALJ held a supplemental hearing. (Tr. 140-192) Plaintiff was present and represented by counsel.

At the time of the supplemental hearing, Plaintiff was 42 years old and possessed the equivalent of a high school education. (Tr. 93, 103, 145, 326) He is a veteran of the armed forces, having served with both the Coast Guard and the Army in operations Desert Storm and Desert Shield as a combat engineer. (Tr. 145) The Plaintiff also had past relevant work ("PRW") experience as a data entry clerk, safety investigator, customer service representative, receptionist, dispatcher, and mapper. (Tr. 92, 363-384, 385-412, 432-442)

On March 8, 2013, the ALJ concluded Plaintiff's mood disorder and low back pain with mild spondylolisthesis and mild disk bulging were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 82-83) After partially discrediting the Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except

> He is limited to work involving simple, routine, repetitive tasks, learned and performed by rote with few variables, requiring little judgment; and supervision that is simple, direct, and concrete, secondary to concentration difficulties.

(Tr. 83-92) With the assistance of a vocational expert, the ALJ then found Plaintiff capable of performing work as a photocopier document preparer, credit card call out operator, and surveillance system monitor. (Tr. 93)

On August 15, 2014, the Appeals Council denied the Plaintiff's request for review. (Tr. 4-7) Subsequently, Plaintiff filed this action. (ECF No. 1) This matter is before the undersigned by

consent of the parties. (ECF No. 6) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11)

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's step two determination. At Step Two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. *Baker v. Colvin*, July 22, 2015 (8th Cir. 2015); *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)).

In reviewing the record, we note the ALJ found the Plaintiff's severe impairments to consist of a mood disorder and low back pain with mild spondylolisthesis and a mild bulging disk.

A close look at the record, however, reveals that the Plaintiff also suffers from chronic pain syndrome ("CPS"). The Government acknowledges the ALJ's failure to include CPS in his list of severe impairments. However, they contend the ALJ's error is harmless because he accounted for the Plaintiff's pain in the RFC determination. We disagree.

While the evidence does support the ALJ's determination that the Plaintiff's back impairment was severe, the Plaintiff's diagnosis of CPS encompassed pain in other areas, including his upper extremities. The record contains several references to pain and numbness in the upper extremities. (Tr. 56-64, 1219) In February 2010, Nurse Practitioner, Anna Axley, documented pain in the elbows and wrists, numbness in both hands, and an overall decrease in strength and dexterity. (Tr. 962) In June, Dr. Richard Mace noted some hand paresthesias that was not simply positional in nature. (Tr. 934-940, 1039-1044) Occasional right hand paresthesia continued in December 2010. (Tr. 1002-1011) And, although Dr. Mace added Gabapentin in February 2011, Plaintiff's symptoms persisted. The doctor documented some paresthesia in July 2011. (Tr. 1369) Further, treatment notes from August 2011 showed continued paresthesias in both hands. (Tr. 1127-1134, 1349-1358) However, the ALJ made no concessions for this impairment in the RFC assessment.

Additional evidence submitted to the Appeals Council dated April and May 2013, a mere one to two months after the ALJ's opinion, reveals that Dr. Donald Lippert prescribed nighttime splints to be worn for four to six weeks for probable mild bilateral carpal tunnel syndrome ("CTS"), right greater than left. (Tr. 53-54) *McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) (citing *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000) (When the Appeals Council denies review of an ALJ's decision after reviewing new evidence, we determine whether the record as a whole, including the new evidence, supports the ALJ's determination.)). Plaintiff reported hand numbness and pain, as well as difficulty making a fist and gripping. (Tr. 56-64) An occupational therapist

5

("OT") determined he would benefit from additional conservative treatments to include carpal tunnel finger exercises for both hands and the application of heat and cold. (Tr. 28-30, 51-53, 1219) Further, the OT advised the Plaintiff to avoid sustained tight gripping and to use build-up grips with his stylus and any other item that required him to make a tight pinch with his hands.

After reviewing the entire record in this case, we find that remand is necessary to allow the ALJ to consider the evidence presented to the Appeals Council. The record before the ALJ did place the ALJ on notice that the Plaintiff's CPS diagnosis included pain and numbness in the hands. Because the additional evidence presented to the Appeals Council provides further documentation of the Plaintiff's probable bilateral CTS and the limitations resulting therefrom, the evidence should have been presented to the ALJ for consideration.

We also note that the record does not contain an RFC assessment from an examining source. Moreover, additional evidence would be helpful in determining the full extent of the limitations imposed by the Plaintiff's carpal tunnel syndrome. Accordingly, on remand, the ALJ is directed to order a consultative physical exam, complete with a full RFC assessment. The RFC assessment on remand should include limitations resulting from all of the Plaintiff's impairments, both severe and non-severe.

**IV.   Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of February, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE